## Asa F. Cochrane *vs.* City of Boston.

This court cannot, on a bill of exceptions, revise the finding of a jury, unless, taking all the facts proved, the verdict is clearly against the law.

A. formerly lived in Boston, and afterwards went to New Orleans, where he took up his residence, went into business, became permanently fixed as a merchant, and has had no other place of business since. He married at the south, had children, came to Boston with them, intending to return, bought a house, commenced housekeeping, and sent his children to the public schools. He was in the habit of coming to Boston every summer, and remaining there and in the vicinity for a few months. He left his family in Boston, for the benefit of his children's health, for two years, returned himself to his business in New Orleans, always styled himself as of New Orleans, exercised the rights and performed the duties of a citizen there, and in no other place, and intended that his domicil should be there. *Held,* that this court ought not to set aside a verdict which found, upon proof of the above facts, that his domicil was in New Orleans.

After the decision of this case, reported in 1 Allen, 480, (at which time the judgment in the superior court was merely formal, for the sake of obtaining the determination of this court upon the merits of the case,) a new trial was had in the superior court, before *Allen,* C. J., at which the following facts were proved or admitted:

The plaintiff came to Boston during his minority, became of age in 1829, went into business in Boston, married, had one child, lived in Boston till the death of his wife in 1837, went to New Orleans in 1838, took up his residence there, went into business there in 1842, and has been constantly engaged in business there ever since, and is permanently fixed there as a merchant, and has had no other place of business since. In 1847 he married a second wife, who was from North Carolina, by whom he had three children. It was his habit to come to Boston every summer, and remain there and in the vicinity for a few months. In the summer of 1856 he came to Boston with his family, as usual, intending to return, endeavored to hire a house, but was unable to find a satisfactory one, and accordingly purchased a house and commenced housekeeping, and in the autumn returned to New Orleans, leaving his family in Boston, where his children have attended the public schools, and his family have remained most of the time since; it being thought better for the children's

health for them to be at the north while young. In 1857 the plaintiff was in Boston from June 15th to October 12th; and in 1858 from June 17th to December 27th. He has always styled himself as of New Orleans, paid taxes on his personal property and poll there, voted and served on juries there, and did so in 1857 and 1858, and has never voted, paid taxes on his personal property or poll, or performed any public duty in Boston. His wish and intention were that New Orleans should continue to be the place of his domicil.

The taxes which this action was brought to recover were assessed by the defendants upon the plaintiff's personal property and poll, for the years 1857 and 1858, and were paid by him under protest.

Upon these facts, the defendants requested the judge to instruct the jury that the plaintiff's domicil in 1857 and 1858, for the purposes of taxation, was in Boston; but the judge declined so to do, and left it to the jury as a question of fact, with general instructions as to what would constitute a domicil for that purpose, which were not excepted to. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. P. Healy*, for the defendants.

*W. R. P. Washburn*, for the plaintiff.

BIGELOW, C. J. We can see no ground on which these exceptions can be sustained. Indeed, they present no question of law on which this court can pass. For aught that appears, the instructions of the court in matters of law were entirely correct. By them the defendants were not aggrieved. It is the verdict of the jury on the facts in proof, under instructions in which no error is alleged, of which the defendants complain. But this court cannot, on a bill of exceptions, revise the finding of a jury, unless, taking all the facts proved, the verdict is clearly against the law. And, in such case, the error which this court corrects is that of the judge, in omitting to instruct the jury that the facts in evidence were insufficient in law to justify them in finding a verdict against the party alleging the exceptions.

The question of domicil, when, as in the case at bar, a party is shown to have been resident in two places, and to have

exercised acts of habitancy in both, is a mixed question of law and fact. So far as it involves questions of fact, including the ascertainment of the intention of the party as to the place of his domicil — in many cases an important and decisive element — it is to be determined by the verdict of the jury; and their determination is conclusive, unless the verdict is set aside as being against the evidence. *Lyman* v. *Fiske*, 17 Pick. 231. In the case at bar, we cannot say that there are no facts in proof which will support the verdict. On the contrary, it seems to us one of those nicely balanced cases in which a very slight circumstance would be sufficient to turn the scale one way or the other in the minds of impartial persons.

The case is unlike *Greene* v. *Greene*, 11 Pick. 411, because it is there found by the court that there was no evidence that the defendant, after leaving Savannah, " considered that place as the place of his fixed residence and habitation." In the present case, it appears that the defendant, during the two years when he was assessed in Boston, was himself in New Orleans for the greater portion of the time, and there exercised the privileges and performed the duties of a person domiciled in that city. In the case of *Holmes* v. *Greene*, 7 Gray, 299, the plaintiff had not resided in the town at all during the time when he claimed to be an inhabitant thereof, and sought to exercise there the elective franchise. *Exceptions overruled.*